JOURNAL ENTRY and OPINION.
{¶ 1} Appellant Daniel J. Seamon appeals from a common pleas court order dismissing his motion to show cause and for attorney's fees. He argues that the court erred by finding it did not retain jurisdiction to enforce its prior order of dissolution and division of property. We affirm.
 {¶ 2} The parties' marriage was dissolved in 1983 pursuant to a judgment entry which incorporated their separation agreement. Section II of the separation agreement, titled "Division of Property," provided, in pertinent part:
 {¶ 3} "(d) Miscellaneous — Each party hereto shall retain exclusive control and ownership of any accounts in his or her individual name, there being no joint accounts. It is further recognized by the parties that there presently exists a custodial account in each child's name with an approximate balance of Five Thousand Dollars ($5,000.00). As custodian of said accounts, Wife in her sole discretion, may use these accounts for the health, education and welfare of the minor children."
 {¶ 4} On May 21, 2001, appellant filed his motion to show cause and for attorney's fees, asking the court to order appellee to show cause why she should not be held in contempt for failing to comply with the separation agreement. Appellant averred that appellee had an obligation to account for the children's funds but refused to do so, despite requests by appellant and two of the now-adult children.
 {¶ 5} Appellee opposed the motion, arguing that the emancipated children, not appellant, were the real parties in interest, and appellant lacked authority to sue on their behalf. She subsequently moved the court for "judgment on the pleadings," urging that the separation agreement did not impose a duty on appellee to account for the funds in the children's custodial accounts.
 {¶ 6} The court dismissed appellant's motion to show cause on June 25, 2002. It held that:
 {¶ 7} "* * * Plaintiff under [the judgment entry of dissolution], has no obligation to account for the funds to Defendant, as she was given the authority to use those accounts for the health, education and welfare of the minor children, in her sole discretion. * * *"
 {¶ 8} Appellant contends that the common pleas court erroneously denied his motions on the ground that it lacked jurisdiction. The court's ruling was not based on a lack of jurisdiction. Rather, the court found that appellee had no duty to account for her use of the funds, so appellant was not entitled to the relief he sought. Stated otherwise, appellant had no standing to demand an accounting of the children's funds because the appellee was given sole discretion to use the funds for the health, education and welfare of the children and had no obligation under the 1983 judgment entry to provide an accounting to appellant.
 {¶ 9} We agree with the common pleas court's ruling. The common pleas court certainly has jurisdiction to enforce its own orders, and, on its face, appellant's motion to show cause demanded such enforcement. However, the court found that the obligation appellant sought to "enforce" did not exist in the 1983 judgment. It therefore properly denied the motion to show cause.
 {¶ 10} Appellant now suggests that the court had jurisdiction to create a new obligation by ordering appellee to provide him with an accounting, in order to ensure that she in fact did use the children's funds for their health, education and welfare. We need not consider this question because his motion to the common pleas court did not ask for such relief.
Affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.
MICHAEL J. CORRIGAN, J. and FRANK D. CELEBREZZE, JR. CONCUR.